IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RENA JOHNSON** <br>        Plaintiff, <br> Vs <br><br> **OCWEN LOAN SERVICING, LLC** <br>        Defendant. | Civil Case No: 18-278 <br><br> Hon. Aleta A. Trauger: Judge <br><br> JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The Court has Federal Question pursuant to 28 U.S.C. § 1331.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Defendant, Ocwen Loan Servicing, LLC, placed telephone calls to Plaintiff, Rena Johnson, on her cellular telephone after being asked to stop on multiple occasions. These calls were in an apparent effort to collect a debt. Defendant used an automatic telephone dialing system ("ATDS") to make these calls as evidenced by the nature of the calls themselves and the record in the Snyder vs Ocwen matter. As a result, Ocwen's calls to Johnson are without consent and unlawful under 47 U.S.C. § 227(b). Plaintiff is entitled to damages as set forth in paragraph 4.2.6 of the Snyder v Ocwen settlement, to wit:

> 4.2.6. In any individual case commenced between the date of the Preliminary Approval Order and a date that is two years from the date of Final Approval, if it is found liable for a TCPA violation, Ocwen agrees to pay not less than the amounts set forth below for each automated call through its Aspect system to a cell phone, where the consent field in Ocwen's REALServicing system should have been "N" or "P" as of the date of the Preliminary Approval Order: (a) For the first 10 calls placed to a cell

phone as described in this Section 4.2.6, Ocwen shall pay $1,000 for each such call. (b) For 11-50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,250 for each such call. (c) For over 50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,500 for each such call.

2) DEFENDANT: In October 2006, Plaintiff financed the purchase of real property located in Smyrna, Tennessee with a $137,000.00 adjustable rate loan from Ownit Mortgage Solutions. The note was secured by a deed of trust on the property (the note and deed of trust collectively referred to as the "Mortgage"). Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), serviced the Mortgage for much of the time period relevant to the Complaint. Plaintiff was in default on the Mortgage throughout much of its life. Plaintiff sought loss mitigation from Ocwen to avoid the foreclosure that was attributable to her default on the Mortgage obligations. Plaintiff provided Ocwen with the phone number at issue in the Complaint on multiple occasions, both in writing and orally. Plaintiff called Ocwen 39 times in connection with her Mortgage, the Mortgage payments, and her loss mitigation efforts. During many of these inbound calls, Plaintiff set call-back appointments with Ocwen, asking Ocwen to call her back on the number at issue in the Complaint. Plaintiff was also able to modify her Mortgage twice, once in 2009 and again in 2016, as a result of these loss mitigation efforts. Plaintiff sold the property in 2017. Plaintiff called Ocwen multiple times following the sale of the property to inquire about the payoff and her Mortgage account. While Ocwen was tasked with calling Plaintiff in connection with the Mortgage, Ocwen did not use a system that would be deemed an "ATDS" pursuant to the TCPA to call Plaintiff, as Ocwen's system does not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

C. ISSUES RESOLVED: Jurisdiction and venue; calls were made by Defendant to Plaintiff.

D. ISSUES STILL IN DISPUTED: Number of calls, consent, use of autodialer, damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 25, 2018.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before November 9, 2018. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before July 20, 2018.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before September 14, 2018. The defendant shall identify and disclose all expert witnesses and reports on or before October 5, 2018.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before November 9, 2018.

J: JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before July 20, 2018.

K: DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before January 11, 2019. Responses to dispositive motions shall be filed within twenty (20) days after

the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that give the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L: ELECTRONIC DISCOVERY: The parties have reached agreement on how to conduct electronic discovery. In the even of a dispute the parties agree that the default standard contained in Administrative Order No. 174 shall apply.

M: ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) days.

It is so **ORDERED.**

ENTER this 21st day of May 2018.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

s/ Jeremy M. Glapion
Attorney for Plaintiff


s/ Virginia Bell Flynn
Attorney for Defendant