# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

RENA JOHNSON,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Civil Case No. 18-cv-00278
District Judge Aleta A. Trauger

## DEFENDANT OCWEN LOAN SERVICING, LLC'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 1 of the Complaint.

2. Defendant has placed hundreds of autodialed calls to Plaintiff's cellular telephone number in an attempt to collect a debt allegedly owed by Plaintiff.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 2 of the Complaint.

3. Plaintiff never provided Defendant with prior express consent to make these telephone calls.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 3 of the Complaint. Plaintiff provided her cell phone number to Ocwen on multiple occasions, both orally and in writing, dating as far back as 2006. Further still, Plaintiff signed multiple written

agreements indicating that she consented to Ocwen contacting on her cell phone, and she scheduled many call-back appointments with Ocwen during the time period relevant to this Complaint in which she instructed Ocwen to call her on her cell phone, using the number at issue in this Complaint.

4. Furthermore, Plaintiff expressly and repeatedly told Defendant to stop calling.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 4 of the Complaint.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No.5 of the Complaint.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** Paragraph No. 6 states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because its actions giving rise to the claim were targeted at this District.

**ANSWER:** Paragraph No. 7 states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

**ANSWER:** Paragraph No. 8 states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

## PARTIES

9. Plaintiff is a citizen and resident of Smyrna, Rutherford County, Tennessee.

**ANSWER:** Ocwen is without sufficient information to admit or deny the allegations in Paragraph No. 9, and therefore denies the same and demands strict proof thereof.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER:** Paragraph No. 10 states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

11. On February 14, 2018, Plaintiff timely opted out of the settlement in Snyder v. Ocwen Loan Servicing, LLC, Case No. 14-cv-08461 (N.D. Ill.).

**ANSWER:** Ocwen is without sufficient information to admit or deny the allegations in Paragraph No. 11, and therefore denies the same and demands strict proof thereof.

12. Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") is, and at all times mentioned herein was, a Florida limited liability company with its principle place of business located at 1661 Worthington Road Suite 100, West Palm Beach, Florida 33409.

**ANSWER:** As to Paragraph No. 12, Ocwen states only that it is a Delaware limited liability company with its principal place of business in West Palm Beach, Florida. The

remaining allegations in Paragraph No. 12, if any, state a legal conclusion, to which no response is required, but to the extent the allegations are contrary to the law, they are denied.

13. Defendant Ocwen is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER:** Paragraph No. 13 states legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

## FACTS

14. Defendant has placed hundreds of calls to Plaintiff's cellular telephone number ending in 0255.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 14 of the Complaint.

15. Upon information and belief, these calls began prior to October 27, 2010, but due to the statute of limitations and the tolling pursuant to the Snyder v. Ocwen class action, which was filed on October 27, 2014, Plaintiff only seeks damages for calls dating back to October 27, 2010.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 15 of the Complaint.

16. These calls were all to collect a debt allegedly owed by Plaintiff.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 16 of the Complaint.

17. Plaintiff never gave Defendant prior express consent to make these calls to her cellular telephone.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 17 of the Complaint. Plaintiff provided her cell phone number to Ocwen on multiple occasions, both orally and in writing, dating as far back as 2006. Further still, Plaintiff signed multiple written agreements indicating that she consented to Ocwen contacting on her cell phone, and she scheduled many call-back appointments with Ocwen during the time period relevant to this Complaint in which she instructed Ocwen to call her on her cell phone, using the number at issue in this Complaint.

18. In fact, Plaintiff specifically told Defendant on several occasions to stop calling, or words to that effect.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 18 of the Complaint.

19. Upon information and belief, Defendant records its calls, and was under an obligation to preserve such recordings related to putative class members in the *Snyder v. Ocwen* matter, so Defendant should have documentation of Plaintiff's requests.

**ANSWER:** Ocwen admits that it attempts to record all telephone calls where communication occurs between live persons. Ocwen also admits that it was a named party in the *Snyder v. Ocwen* matter. Ocwen is without sufficient information to admit or deny the remaining allegations in Paragraph No. 19, and therefore denies the same and demands strict proof thereof.

20. Nonetheless, despite not having consent in the first place and despite Plaintiff's requests that Defendant stop calling, Defendant continued to call.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 20 of the Complaint.

21. All of the calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 21 of the Complaint and asserts that its telephone system does not qualify as an automatic telephone dialing system because it does not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Specifically, Defendant used a dialer provided by Aspect Software, Inc. ("Aspect Dialer") which has been repeatedly found to be an "automatic telephone dialing system" under the TCPA.

**ANSWER:** Ocwen admits that part of its telephone system includes a telephone system provided by Aspect but denies the allegations set forth in Paragraph No. 22 of the Complaint.

23. This is evidenced by the volume of the calls and the inability to stop the calls.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 23 of the Complaint.

24. According to a filing in the Ocwen class action, Defendant used the Aspect Dialer to place nearly 2.5 million calls per month or 172 calls per minute, seven days a week, from January 2011 to December 2015.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 24 of the Complaint as it is unclear what "Ocwen class action" references.

25. The Aspect Dialer has the capacity to store or produce telephone numbers to be called and to dial such numbers.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 25 of the Complaint as the Aspect system that Ocwen uses does not have this capacity.

26. Defendant's actions in making telephone calls using an automatic telephone dialing system to Plaintiff before obtaining prior express consent and continuing to call after any such consent it believed it had was revoked, violate 47 U.S.C. § 227(b).

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 26 of the Complaint.

27. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition and continued to do so after being asked to stop, requests which Defendant ignored and/or failed to record.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 27 of the Complaint.

28. Plaintiff has suffered concrete harm because of Defendant's telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendant to stop calling, aggravation, and nuisance.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 28 of the Complaint.

29. These forms of concrete harm are sufficient for Article III standing purposes.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 29 of the Complaint.

30. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 30 of the Complaint.

31. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 31 of the Complaint.

32. Pursuant to the settlement agreement in the Ocwen class action, if Defendant is found to be liable for a TCPA violation where a plaintiff had revoked consent and Defendant continued to call, Defendant has agreed to pay $1,000 per call for the first 10 calls, $1,250 for calls 11-50, and $1,500 for each additional call beyond 50.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 32 of the Complaint as it does not know what "Ocwen class action" Plaintiff is referencing.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Ocwen repeats and re-alleges its responses to the allegations set forth above as though fully set forth herein.

34. Defendant placed calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 34 of the Complaint.

35. Plaintiff's telephone number is assigned to a cellular telephone service.

**ANSWER:** Ocwen is without sufficient information to admit or deny the allegations in Paragraph No. 35, and therefore denies the same and demands strict proof thereof.

36. As alleged, these calls all used an "automatic telephone dialing system."

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 36 of the Complaint.

37. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 37 of the Complaint.

38. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 38 of the Complaint.

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**ANSWER:** Ocwen denies the allegations set forth in Paragraph No. 39 of the Complaint.

## SECOND CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

[sic] Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Ocwen repeats and re-alleges its responses to the allegations set forth above as though fully set forth herein.

40. Separate and apart from Defendant's TCPA violations, Defendant's conduct of calling Plaintiff after she asked them, on numerous occasions, to stop (up to and including threatening litigation if the calls continued) constituted an unreasonable intrusion upon Plaintiff's seclusion and interfered with her right to be left alone.

**ANSWER:** Ocwen denies the allegations states in Paragraph No. 40 of the Complaint.

41. These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

**ANSWER:** Ocwen denies the allegations states in Paragraph No. 41 of the Complaint.

42. As a result of the calls, Plaintiff suffered from anger, anxiety, and frustration, not to mention the loss of her ability to use her phone for the duration of the calls.

**ANSWER:** Ocwen denies the allegations states in Paragraph No. 42 of the Complaint.

43. As a result, Plaintiff is entitled to an award of actual damages. Plaintiff is also entitled to an award of punitive damages

**ANSWER:** Ocwen denies the allegations states in Paragraph No. 43 of the Complaint.

## PRAYER FOR RELIEF

44. Ocwen denies the allegations in the "Wherefore" Paragraph following Paragraph No. 43 and all subparagraphs.

45. Ocwen denies that it is liable to the Plaintiff in any manner whatsoever for the requests for relief set forth in the Compliant.

46. Ocwen denies that it is liable to the Plaintiff in any amount whatsoever under any theory whatsoever.

47. All allegations not specifically admitted herein are denied.

48. Ocwen reserves the right to rely upon any and all defenses as may become known through discovery or trial.

49. Ocwen reserves the right to amend this Answer to the Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations, Ocwen alleges the following defenses based on information and belief. All possible defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer. Therefore, Ocwen reserves its right to allege additional defenses if subsequent investigation so warrants.

## FIRST DEFENSE

1. Any damages suffered by Plaintiff was due to her own affirmative actions and/or omissions and do not give rise to any liability of Ocwen.

## SECOND DEFENSE

2. Claims asserted by Plaintiff may be barred by any bankruptcy case that may have been filed by Plaintiff, based on the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and

release. Moreover, because of any such prior proceedings, if any, Plaintiff is not the real party in interest to bring the present claims.

### THIRD DEFENSE

3.     To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are barred as being untimely.

### FOURTH DEFENSE

4.     Plaintiff's injuries, if any, resulted from an intervening or superseding cause or the acts or omissions of third parties over which Ocwen had no responsibility or control, and for which Ocwen may not be held liable.

### FIFTH DEFENSE

5.     Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

### SIXTH DEFENSE

6.     Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, consent, ratification, acquiescence, novation, and/or unclean hands.

### SEVENTH DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

### EIGHTH DEFENSE

8.     Plaintiff lacks standing.

### NINTH DEFENSE

9.     Defendant obtained prior express consent to contact Plaintiff on the telephone number(s) at issue regarding the subject account.

### TENTH DEFENSE

10.    Plaintiff's state law claims are preempted by federal law.

## RESERVATION OF DEFENSES

Ocwen reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## PRAYER FOR RELIEF

WHEREFORE, Ocwen requests that the Court enter an order:

1. Dismissing with prejudice the Complaint against it;

2. Awarding Ocwen its costs and expenses incurred; and

3. Awarding Ocwen such other and/or further relief as the Court may deem just and proper.


Dated: May 29, 2018

/s/       John I Houseal, Jr.
John I. Houseal, Jr. (TN Bar #8449)
**GLANKLER BROWN, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: (901) 525-1322
Facsimile:  (901) 525-2389
Email:  dhearn@glankler.com


/s/       Virginia Bell Flynn
Virginia Bell Flynn
*To Be Admitted Pro Hac Vice*
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Telephone: (804) 697-1480
Facsimile:  (804) 697-1339
E-mail:  virginia.flynn@troutman.com

*Attorneys for Ocwen Loan Servicing, LLC*

## CERTIFICATE OF CM/ECF SERVICE

The undersigned attorneys hereby certify that on this 29th day of May, 2018, the foregoing **Answer to Complaint** was filed via the CM/ECF system for the Middle District of Tennessee, which electronically sent notice to the following counsel of record:

>Jeremy M. Glapion, Esquire
>THE GLAPION LAW FIRM, LLC
>1704 Maxwell Drive
>Wall, NJ 07719
>Tel.: (732) 455-9737
>Fax: (732) 709-5150
>Email: jmg@glapionlaw.com
>
>T. Blaine Dixon, Esquire
>FENDLEY & ETSON
>128 Public Square
>Clarksville, TN 37040
>Tel.: (931) 245-4357
>Fax: (931) 245-0343
>Email: blaine@fendleylaw.com
>
>*Counsel for Plaintiff*

>/s/     John I. Houseal, Jr.
>John I. Houseal, Jr. (TN Bar #8449)
>**GLANKLER BROWN, PLLC**
>6000 Poplar Avenue, Suite 400
>Memphis, Tennessee 38119
>Telephone: (901) 525-1322
>Facsimile:  (901) 525-2389
>Email:  dhearn@glankler.com
>
>/s/     Virginia Bell Flynn
>Virginia Bell Flynn
>*To Be Admitted Pro Hac Vice*
>**TROUTMAN SANDERS LLP**
>1001 Haxall Point, Suite 1500
>Richmond, VA 23219
>Telephone: (804) 697-1480
>Facsimile: (804) 697-1339
>E-mail:  virginia.flynn@troutman.com
>
>*Attorneys for Ocwen Loan Servicing, LLC*